See also 558 F.Supp. 528.

**William E. BROCK, Secretary of Labor, U.S. Department of Labor, Plaintiff,**

**v.**

**WESTSIDE LOCAL 174, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, Defendant,**

**and**

**Norbie Przybylowicz, Intervenor.**

**Civ. A. No. 82–70361.**

United States District Court, E.D. Michigan, S.D.

Sept. 17, 1986.

Janet Gray, U.S. Dept. of Labor, Chicago, Ill., for plaintiff.

Leonard Page, UAW, Detroit, Mich., for defendant.

Harvey Wax, Levin, Levin, Garvett & Dill, Southfield, Mich., for intervenor.

### MEMORANDUM OPINION

FEIKENS, District Judge.

Intervenor Norbie Przybylowicz (Przybylowicz) challenges the Secretary of Labor's

(Secretary) certification of James Baker (Baker) as the winning presidential candidate in a supervised election of Westside Local 174 (Local). Przybylowicz claims the Secretary acted improperly by permitting polling despite a snow storm, and by counting the presidential vote of thirty-four ballots containing a write-in vote for Sergeant-At-Arms. I have jurisdiction pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1331, and 29 U.S.C. § 482.

The Secretary commenced this litigation seeking to set aside the Local's 1981 election of executive officers because of alleged violations of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 401–531. The parties settled by agreeing to conduct the Local's 1984 election under the Secretary's supervision. Pursuant to 29 U.S.C. § 482(c)(2), the Secretary certified Baker as the winning presidential candidate. Przybylowicz, the losing candidate, sought unsuccessfully to intervene. After the United States Court of Appeals for the Sixth Circuit established criteria for intervention, *Donovan v. Westside Local 174*, 783 F.2d 616, 623 (1986), I permitted Przybylowicz to intervene, and I conducted an evidentiary hearing on his claims.

Przybylowicz bears the burden of demonstrating that the Secretary's decision to certify was arbitrary, capricious, or otherwise contrary to law:

> The challenger of a supervised election carries a heavy burden of persuasion and proof to show that the Secretary's certification was arbitrary, capricious, or otherwise not in accordance with law. Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (D).
>
> ....
>
> ... [C]onsiderations of "special knowledge and discretion" are applicable, particularly where the election is held under the Secretary's ongoing supervision and control. Indeed, because of the Secretary's oversight and familiarity, the re-

run, if certified, enjoys a "presumption of fairness and regularity." ... '

Of course, the Secretary's reasons for certification cannot rest on unsubstantiated conclusions.... [W]here the [Secretary's] statement [of reasons] is facially insufficient, the court may require supplemental explanation from the Secretary. However, where the Secretary's statement on its face indicates a rationally based decision the court's task is at an end, unless the challenger makes a specific factual proffer of irregularity, in which event the burden of persuasion shifts to the Secretary to provide further supplementation (the ultimate burden of proof resting with the challenger).

*Usery v. Local Union No. 639*, 543 F.2d 369, 378–79 (D.C.Cir.1976) (citations omitted) (quotes unattributed), *cert. denied*, 429 U.S. 1123, 97 S.Ct. 1159, 51 L.Ed.2d 573 (1977). *See also* 29 U.S.C. § 526 (providing for application of Chapter 7 of the Administrative Procedure Act, 5 U.S.C. § 701–706). *Cf. Westside Local 174*, 783 F.2d at 626 ("[T]he district court's scope of review for granting the Secretary's motion to certify [1] is not limited to the Secretary's statement of reasons.... [I]t is within the court's discretion to determine the appropriate scope of review in certification proceedings."); *Brennan v. Local 551*, 486 F.2d 6, 8 (7th Cir.1973) (Stevens, J.) ("If ... any ... interested party, wishes to object to any action taken by the Secretary in his supervisory capacity, that party assumes a heavy burden of persuasion and proof.").

The Local scheduled five days of polling (February 26 through March 2) for the 1984 election. After voting ceased on February 27, snow began falling. Forecasters predicted significant accumulation. The Secretary's representative, Mark Peters (Peters), met with Local officials and decided initially to postpone the polling scheduled for February 28. After consulting with his supervisor, Peters determined to

---

**1.** Because the Secretary has a statutory duty to "certify to the court the names of the persons elected," I assume the Sixth Circuit is referring to the Secretary's motion for entry of judgment "declaring such persons to be the officers of the labor organization." 29 U.S.C. § 482(c)(2).

proceed with scheduled voting. Peters reported his final decision to Local officials.

■ The Secretary's decision was not arbitrary and capricious. The decision conforms with the policy of the International Union (International) to postpone an election only if the plant scheduled to vote closes on election day: the eleven plants scheduled to vote opened for business. Polls opened and closed as scheduled, with only one exception.[2] Although some members failed to report for work,[3] the weather did not stop them: all election committeemen and all the Secretary's representatives arrived at the polling places on time. Even if the absent members had reported, they might have voted for Baker, or not voted at all.[4]

■ Both the International and Local refuse to count write-in votes. Thirty-four ballots cast write-in votes for Sergeant-At-Arms,[5] and proper votes for the remaining offices. Each ballot voted Baker for President.[6] The Secretary counted these ballots for every office except Sergeant-At-Arms.

Again, the Secretary's decision was not arbitrary and capricious. The decision conforms to the International's Guide for UAW Local Union Election Committees (Guide),[7] which requires that a ballot be voided completely only if it bears an identifying mark unrelated to the voter's intention:

Any ballot which clearly indicates the intention of the voter shall be considered valid provided, however, that a ballot which bears any identifying marks shall be void.... If ... the marking does not bear any relationship to the voter's intention with regard to candidates, normally it should be held to be an identifying mark and the whole ballot should be voided.

... [I]f for any reason (other than the presence of an identifying mark) the member's vote for one office is declared invalid, her/his vote for that office shall not be counted, but this shall not affect the validity of the remainder of the ballot.

Guide, at 19. The markings on the thirty-four ballots are not identifying because they reveal the "voter's intention with regard to candidates." Guide, at 19.

Przybylowicz claims the Local's practice is to void completely any ballot containing a write-in vote. I find that the Local follows no such practice. Even if it does, the Secretary would have to disregard it because it violates both the International's published policy and the Secretary's regulation. *See* 29 U.S.C. § 482(c)(2) ("[T]he court shall ... direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization.");[8] 29 C.F.R. § 452.116 1985 ("An entire ballot may not be voided because of a mistake made in voting for one of the offices on the ballot.").

2.  The polling site at Durez-Stevens opened seven minutes late and closed twelve minutes late.

3.  Przybylowicz alleges that 254 members failed to report. Even assuming his claim to be true, it would not justify a new election because the number represents less than three percent of the Local's 9,000 members. *Cf. V.I.P. Limousine,* 274 N.L.R.B. No. 90 (1985) (setting aside decertification election where weather prevented twenty-five percent of the membership from reaching the polls).

4.  Slightly over sixty percent of the Local's members (5,535) voted.

5.  The write-in was for "Roger Wilson," or "17," which was the ballot position assigned to Wilson and published to the Local's members prior to Wilson's withdrawal from the race.

6.  Baker won by thirty-one votes.

7.  Defendant's Exhibit No. 1.

8.  The parties stipulated that "[a]ll decisions as to the interpretation or application of Title IV of the Act [LMRDA], and the Constitution and By-laws of the Defendant Local and the Constitution and Bylaws of the [International], relating to the supervised election, are to be determined by the [Secretary], and his decisions shall be final, subject to review by this Court." Stipulation of Settlement ¶ 4 (August 22, 1983).

Accordingly, Przybylowicz's petition for judgment declaring him winner of the 1984 presidential election, or alternatively, for an order rerunning the election, is DENIED. The Secretary's motion for entry of final judgment on his certification is GRANTED.

An appropriate order may be submitted.